**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
E-mail: ltfisher@bursor.com
          bscott@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220
Miami, FL  33133
Telephone: (305) 330-5512
Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARY YOTHERS and ZAIN EISENBERG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JFC INTERNATIONAL, INC. and HAPI PRODUCTS, INC., <br><br> Defendants. | Case No. <br><br> **CLASS ACTION COMPLAINT** <br><br> **<u>JURY TRIAL DEMANDED</u>** |

Plaintiffs Hilary Yothers and Zain Eisenberg ("Plaintiffs"), individually and on behalf of themselves and all others similarly situated, by and through their attorneys, make the following allegations pursuant to the investigation of their counsel and based upon information and belief, except as to allegations specifically pertaining to themselves and their counsel, which are based on personal knowledge.

## NATURE OF THE ACTION

1.      This is a class action suit brought against Defendants JFC International, Inc. ("JFC") and Hapi Products, Inc. ("Hapi") (collectively, "Defendants") regarding Defendants' false and misleading labeling and marketing of their Hapi Wasabi Coated Peas (the "Mislabeled Food). The labeling and packaging of the Mislabeled Food contains the misleading claim that the Mislabeled Food contains wasabi ("Wasabi Claims").  Defendants label their Mislabeled Food as "wasabi coated" and claim that the Mislabeled Food contains wasabi.  This misleads consumers into believing that the Mislabeled Food contains wasabi even though the Mislabeled Food does not contain wasabi.  By doing so, Defendants are able to charge a substantial price premium for their Mislabeled Food on account of these false Wasabi Claims.

2.      Wasabi products are highly desirable because of wasabi's unique and complex taste and the short-term burning sensation it produces when consumed.  Wasabi imparts a spicy flavor to food it is paired with.

3.      Defendants' Hapi Wasabi Coated Peas do not contain any wasabi, despite Defendants' affirmations to the contrary.  That is because authentic wasabi is difficult to cultivate and therefore it is expensive to cultivate and procure.  Instead of using real wasabi in their Hapi Wasabi Coated Peas, Defendants substitute horseradish for authentic wasabi.  Defendants use horseradish in place of authentic wasabi because horseradish root is significantly cheaper (~$5.98 per pound) and far more abundant than authentic wasabi.  In short, the labels and marketing of the Mislabeled Food are false and misleading.

4.      Plaintiffs bring this action on behalf of themselves and a class of all similarly situated purchasers of Hapi Wasabi Coated Peas in the United States for:  (i) breach of express warranty; (ii) breach of the implied warranty of merchantability; (iii) unjust enrichment; (iv)

violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code §§ 1750, *et seq.*; (v) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.*; (vi) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code §§ 17500, *et seq.*; (vii) negligent misrepresentation; (vii) fraud; (ix) violation of New York's General Business Law ("GBL") § 349; and (x) violation of New York's General Business Law ("GBL") § 350.

## PARTIES

5.      Plaintiff Hilary Yothers is a natural person and citizen of the State of California who resides in Oakland, California.  In September 2019, Plaintiff Yothers purchased Hapi Wasabi Coated Peas from Berkeley Bowl Marketplace in Berkeley, California.  Prior to her purchase, Plaintiff Yothers reviewed the labeling, packaging, and marketing materials for the Mislabeled Food and saw the representation that it purportedly contained "wasabi."  Plaintiff Yothers understood these claims to be representations and warranties by Defendants that the Mislabeled Food contains wasabi.  Plaintiff Yothers reasonably relied on Defendants' representation that the Mislabeled Food contains wasabi.  Plaintiff Yothers relied on these representations and warranties in deciding to purchase the Mislabeled Food and these representations were part of the basis of the bargain, in that she would not have purchased the Mislabeled Food if she had known that it did not in fact, contain wasabi.  In reliance on these representations and warranties, Plaintiff Yothers paid a tangible increased cost for the Hapi Wasabi Peas which were worth less than represented because the Mislabeled Foods do not contain wasabi.  However, Plaintiff Yothers remains interested in purchasing wasabi peas and would consider Hapi Wasabi Peas in the future if Defendants coated the peas in real wasabi.  Plaintiff Yothers also understood that in making the sale, the retailer was acting with the knowledge and approval of Defendants and/or as the agent of Defendants.  Plaintiff Yothers also understood that her purchase involved a direct transaction between herself and Defendants, because her Mislabeled Food came with packaging and other materials prepared by Defendants, including representations and warranties that her Mislabeled Food purportedly contained wasabi.

6.      Plaintiff Zain Eisenberg is a natural person and citizen of the State of New York who resides in Kerhonkson, New York.  In August 2019, Plaintiff Eisenberg purchased Hapi Wasabi Coated Peas from Walmart in Kingston, New York.  Prior to his purchase, Plaintiff Eisenberg reviewed the labeling, packaging, and marketing materials for the Mislabeled Food and saw the representation that it purportedly contained "wasabi."  Plaintiff Eisenberg understood these claims to be representations and warranties by Defendants that the Mislabeled Food contains wasabi.  Plaintiff Eisenberg reasonably relied on Defendants' representation that the Mislabeled Food contains wasabi.  Plaintiff Eisenberg relied on these representations and warranties in deciding to purchase the Mislabeled Food and these representations were part of the basis of the bargain, in that he would not have purchased the Mislabeled Food if he had known that it did not in fact, contain wasabi.  In reliance on these representations and warranties, Plaintiff Eisenberg paid a tangible increased cost for the Hapi Wasabi Peas which were worth less than represented because the Mislabeled Foods do not contain wasabi.  However, Plaintiff Eisenberg remains interested in purchasing wasabi peas and would consider Hapi Wasabi Peas in the future if Defendants coated the peas in real wasabi.  Plaintiff Eisenberg also understood that in making the sale, the retailer was acting with the knowledge and approval of Defendants and/or as the agent of Defendants.  Plaintiff Eisenberg also understood that his purchase involved a direct transaction between himself and Defendants, because his Mislabeled Food came with packaging and other materials prepared by Defendants, including representations and warranties that his Mislabeled Food purportedly contained wasabi.

7.      Defendant JFC International, Inc. is a California corporation with its principal place of business at 7101 E. Slauson Ave, Los Angeles, CA 90040.  JFC International does business throughout California and the entire United States.  JFC International manufactures, sells, and distributes the Mislabeled Food, and is responsible for the advertising, marketing, trade dress, and packaging of the Mislabeled Food.  JFC International manufactured, marketed, and sold the Mislabeled Food during the class period.  The planning and execution of the advertising, marketing, labeling, packaging, and corporate operations concerning the Mislabeled Food and the Wasabi Claims was primarily carried out at the JFC International office within California.

8.      Defendant Hapi Products, Inc. is a California corporation with its principal place of business at 7101 E. Slauson Ave, Los Angeles, CA 90040.  Hapi Products does business throughout California and the entire United States.  Hapi Products manufactures, sells, and distributes the Mislabeled Food, and is responsible for the advertising, marketing, trade dress, and packaging of the Mislabeled Food.  JFC international, marketed, and sold the Mislabeled Food during the class period.  The planning and execution of the advertising, marketing, labeling, packaging, and corporate operations concerning the Mislabeled Food and the Wasabi Claims was primarily carried out at the Hapi Products office within California.

9.      Based on information and belief, JFC dominates and controls all aspects of Hapi Products's operations.  For example, JFC claims Hapi among its five personal brands.  Additionally, JFC and Hapi share a principal office at 7101 E. Slauson Ave, Los Angeles, CA 90040.  Hapi and JFC both list Yoshiyuki Ishigaki as their Chief Executive Officer and Masanori Takenaka as their Chief Financial Officer.  Both Hapi and JFC employ Cheri Lynn Komuro as their Senior Administrative Assistant.  Since each Defendant acted jointly to perpetrate the acts described herein, they are thus subject to joint and several liability.  At all times relevant to the allegations in this matter, each Defendant acted in concert with, with knowledge and approval of, and or/as the agent of the other Defendant within the course and scope of agency, regarding the acts and omissions alleged.

## JURISDICTION AND VENUE

10.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.  § 1332(d)(2)(A) because this case is a class action where the aggregate claims of all members of the proposed class are in excess of $5,000,000.00, exclusive of interest and costs, and a least one member of the proposed class is a citizen of a state different from Defendants.

11.      This Court has personal jurisdiction over Defendants because they have continuous and systematic contacts with the State of California as to essentially render them "at home" in this State, and Defendants' principal places of business are located in this State.  Moreover, Defendants have purposefully availed themselves of the laws and benefits of doing business in this State, and

Plaintiffs' claims arise out of the Defendants' forum-related activities.  Furthermore, a substantial portion of the events giving rise to Plaintiffs' claims occurred in this State, including Plaintiff Yothers's purchase of the Mislabeled Food.

12.      Pursuant to 28 U.S.C. § 1391, this Court is the proper venue for this action because a substantial part of the events, omissions, and acts giving rise to the claims herein occurred in this District.  Plaintiff Yothers resides in this District and purchased her Mislabeled Products in this District.

<u>**COMMON FACTUAL ALLEGATIONS**</u>

**A.**      <u>**Wasabi Products**</u>

13.      Wasabi is a plant in the *Brassicacae*, or mustard, family.  *Brassicaceae* contains more than 338 genera and 3,700 species of flowering plants.  Many of the plants in the *Brassicaceae* family, like horseradish, cabbage, or broccoli, are cheap and easy to find.



14.      Authentic wasabi, or *Wasabia japonica*, is the most expensive crop in the world to grow because it is very difficult to cultivate.

15.      Fresh wasabi can cost as much as ~$113 per pound.

---

16.     It is one of the hardest plants to grow commercially in the world because it can only be found ground naturally along Japanese mountain streams.  To thrive, wasabi requires constant running spring water, shady areas with rocky soil or gravel.  It also can only tolerate temperatures ranging from  ~46 to 68 degrees Fahrenheit.  It is also very susceptible to pests and disease.  Further, wasabi requires two years of growth before it can be harvested.  All harvesting and processing of wasabi must be done by hand.

17.     Wasabi's spice comes from a chemical reaction that occurs when its cells are broken down [typically through grinding, grating, or powdering the rhizome (stem) of the plant].  The flavor of wasabi generally peaks five minutes after it has been reduced to a paste and approximately thirty minutes after that, most of the flavor is gone.

18.     95-99% of the wasabi products sold in North America substitute horseradish and green dye for authentic wasabi.

19.     Wasabi and horseradish are different species and genus of plants.  Wasabi is from the species *Wasabia japonica*.  In contrast, horseradish is from the species *Amoracia rusticana*.  Thus, although they are part of the same family of plants, wasabi and horseradish are separate and distinct plants:



**Wasabi**          **Horseradish**

**B.**     <u>Defendants' Wasabi Misrepresentations</u>

20.     Wasabi is desirable and in high demand because of its complex taste, the short-term burning sensation that it produces when consumed, and the spicy flavor it imparts to food.

21.     Defendants promote the Mislabeled Food as "Hot Wasabi Peas" and claims that the Mislabeled Food is "wasabi coated."

22.     The packaging of the Mislabeled Food also includes a photo of authentic wasabi next to the name of the product:



23.     The Mislabeled Food does not contain wasabi as advertised.  The Mislabeled Foods contain horseradish powder instead of wasabi.  Indeed, the ingredients list of the Mislabeled Foods indicates that the final ingredients in the Mislabeled food are horseradish, FD&C Yellow #5, and FD&C Blue #1 (*i.e.* green food coloring).

24.     By advertising that the Mislabeled Food contained wasabi, Defendants knew that the wasabi claims were false and misleading, yet still advertised, labeled, and packaged the Mislabeled Food with the false and misleading Wasabi Claims.

25.     Simply put, Defendants' Wasabi Claims are false.  The description and name of the Mislabeled Food that Defendants advertised on product labels misrepresented that the Mislabeled Food contained wasabi, when it does not.

## CLASS ACTION ALLEGATIONS

26.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased Hapi Wasabi Coated Peas (the "Class").  Excluded from the Class are persons who made such purchases for the purpose of resale.

27.     Plaintiff Yothers also seeks to represent a subclass of all Class Members who purchased Hapi Wasabi Coated Peas in the State of California (the "California Subclass").

28.     Plaintiff Eisenberg also seeks to represent a subclass of all Class Members who purchased Hapi Wasabi Coated Peas in the State of New York (the "New York Subclass").

29.     Members of the Class are so numerous that their individual joinder herein is impracticable.  On information and belief, members of the Class number in the millions.  The precise number of Class Members and their identities are unknown to Plaintiffs at this time but may be determined through discovery.  Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendants and the sales records of retailers.

30.     Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.  Common legal and factual questions include, but are not limited to, whether Defendants' labeling, marketing, and advertising is false and misleading; whether Defendants have violated the Magnusson-Moss Warranty Act 15 U.S.C. 2301, *et seq.*; whether Defendants have violated California's Consumers Legal Remedies Act, Civil Code §§ 1750, *et seq.*; whether Defendants have violated California's Unfair Competition Law, Bus. & Prof. Code §§ 17200, *et seq.*, and have committed other tortious acts as described herein.

31.     The claims of the named Plaintiffs are typical of the claims of the Class in that the named Plaintiffs purchased the Mislabeled Food in reliance on the representations and warranties described above and suffered a loss as a result of that purchase.

32.     Plaintiffs are adequate representatives of the Class and Subclasses because their interests do not conflict with the interests of the Class and Subclass Members they seek to represent, they have retained competent counsel experienced in prosecuting class actions, and they intend to prosecute this action vigorously.  The interests of Class Members will be fairly and adequately protected by Plaintiffs and their counsel.

33.     The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.  Each individual Class Member may lack the resources to undergo the burden and expense of individual prosecution of the complex and extensive litigation necessary to establish Defendants' liability.  Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system presented by the complex legal and factual issues of this case.  Individualized litigation also presents a potential for inconsistent or contradictory judgments.  In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendants' liability.  Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

34.     Plaintiffs bring all claims in this action individually and on behalf of members of the Class and Subclasses against Defendants.

**<u>COUNT I</u>**
**(Breach Of Express Warranty)**

35.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

36.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and the California and New York Subclasses against Defendants.

---

37.     As the designer, manufacturer, marketer, distributor, and/or seller, Defendants expressly warranted that the Mislabeled Food contains wasabi.

38.     In fact, the Mislabeled Food does not contain wasabi.

39.     As a direct and proximate cause of Defendants' breach of express warranty, Plaintiffs and Class Members have been injured and harmed because:  (a) they would not have purchased the Mislabeled Food on the same terms if the true facts were known about the product; (b) they paid a price premium for the Mislabeled Food due to Defendants' promises that it contained wasabi; and (c) the Mislabeled Food did not have the characteristics as promised by Defendants.

40.     On or about January 22, 2020, prior to filing this action, pre-suit notice letters were served on Defendants which comply in all respects with U.C.C. § 2-607. Plaintiffs and the Class sent the Defendants a letter via certified mail, return receipt requested, advising Defendants that they breached numerous warranties and violated state consumer protection laws, and demanding that Defendant cease and desist from such violations and make full restitution by refunding the monies received therefrom.  A true and correct copy of Plaintiffs' letter is attached hereto as **Exhibit A**.

## <u>COUNT II</u>
### (Breach Of Implied Warranty Of Merchantability)

41.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

42.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and California and New York Subclasses against Defendants.

43.     As the designer, manufacturer, marketer, distributor, and/or seller, Defendants impliedly warranted that the Mislabeled Food contains wasabi.

44.     Defendants breached the warranty implied in the contract for the sale of the Mislabeled Food because it could not pass without objection in the trade under the contract description, the goods were not of fair average quality within the description, the goods were not fit for the ordinary purposes for which such goods are used, and the goods do not conform to the

promises or affirmations of fact made on the label.  As a result, Plaintiffs and Class Members did not receive the goods as impliedly warranted by Defendants to be merchantable.

45.     Plaintiffs and Class Members purchased the Mislabeled Food in reliance upon Defendants' skill and judgment and the implied warranties of fitness for the purpose.

46.     The Mislabeled Food was not altered by Plaintiffs or Class Members.

47.     The Mislabeled Food was defective when it left the exclusive control of Defendants.

48.     Defendants knew that the Mislabeled Food would be purchased and used without additional testing by Plaintiffs and Class Members.

49.     The Mislabeled Food was defectively designed and unfit for its intended purpose, and Plaintiffs and Class Members did not receive the goods as warranted.

50.     As a direct and proximate cause of Defendants' breach of the implied warranty of merchantability, Plaintiffs and Class Members have been injured and harmed because:  (a) they would not have purchased the Mislabeled Food on the same terms if the true facts were known about the product; (b) they paid a price premium for the Mislabeled Food due to Defendants' promises that it contained wasabi; and (c) the Mislabeled Food did not have the characteristics as promised by Defendants.

## COUNT III
### (Unjust Enrichment)

51.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

52.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and California and New York Subclasses against Defendants.

53.     Plaintiffs and Class Members conferred benefits on Defendants by purchasing the Mislabeled Food.

54.     Defendants have been unjustly enriched in retaining the revenues derived from Plaintiffs' and Class Members' purchases of the Mislabeled Food.  Retention of those monies under these circumstances is unjust and inequitable because Defendants misrepresented that the Mislabeled Food contains wasabi.  This misrepresentation caused injuries to Plaintiffs and Class

Members, because they would not have purchased the Mislabeled Food if the true facts were known.

55. Because Defendants' retention of the non-gratuitous benefits conferred on them by Plaintiffs and Class Members is unjust and inequitable, Defendants must pay restitution to Plaintiffs and Class Members for their unjust enrichment, as ordered by the Court.

**COUNT IV**
**(Violation Of California's Consumers Legal Remedies Act, California Civil Code §§ 1750, *et seq.*)**

56. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57. Plaintiff Yothers bring this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendants.

58. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

59. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

60. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), disallows "[a]dvertising goods or services with intent not to sell them as advertised."

61. Defendants violated this provision by misrepresenting that the Mislabeled Food contains wasabi.

62. Plaintiff Yothers and the California Subclass suffered injuries caused by Defendants because: (a) they would not have purchased the Mislabeled Food on the same terms if the true facts were known about the product; (b) they paid a price premium for the Mislabeled Food due to Defendants' promises that it contained wasabi; and (c) the Mislabeled Food did not have the characteristics as promised by Defendants.

63.     On or about January 22, 2020, prior to filing this action, CLRA notice letters were served on Defendants, which comply in all respects with California Civil Code § 1782(a).  Plaintiff Yothers sent JFC International and Hapi Products letters via certified mail, return receipt requested, advising Defendants that they are in violation of the CLRA and demanding that they cease and desist from such violations and make full restitution by refunding the monies received therefrom. A true and correct copy of Plaintiff Yothers's letter is attached hereto as **Exhibit A.**

64.     Wherefore, Plaintiff Yothers seeks compensatory damages, punitive damages, injunctive relief, attorneys' fees, and restitution of any ill-gotten gains due to Defendants' acts and practices in violation of the CLRA.

<u>COUNT V</u>
**(Violation Of California's Unfair Competition Law,**
**California Business & Professions Code §§ 17200, *et seq.*)**

65.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

66.     Plaintiff Yothers brings this claim individually and on behalf of the members of the proposed Class and California Subclass against Defendants.

67.     Defendants are subject to California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq*.  The UCL provides, in pertinent part: "Unfair competition shall mean and include unlawful, unfair or fraudulent business practices and unfair, deceptive, untrue or misleading advertising …."

68.     Defendants' misrepresentations and other conduct, described herein, violated the "unlawful" prong of the UCL by violating the CLRA as described herein; the FAL as described herein; and Cal. Com. Code § 2607.

69.     Defendants' misrepresentations and other conduct, described herein, violated the "unfair" prong of the UCL in that their conduct is substantially injurious to consumers, offends public policy, and is immoral, unethical, oppressive, and unscrupulous, as the gravity of the conduct outweighs any alleged benefits.

70.     Defendants violated the "fraudulent" prong of the UCL by making misrepresentations about the Mislabeled Food, as described herein.

71.     Defendants' violation has continuing and adverse effects because Defendants' unlawful conduct is continuing, with no indication that Defendants intend to cease this fraudulent course of conduct.  The public – and Class Members – are subject to ongoing harm because the deceptive and misleading Wasabi Claims are still in use by Defendants today.

72.     Plaintiff Yothers and the California Subclass lost money or property as a result of Defendants' UCL violations because:  (a) they would not have purchased the Mislabeled Food on the same terms if the true facts were known about the product; (b) they paid a price premium for the Mislabeled Food due to Defendants' promises that it contained wasabi; and (c) the Mislabeled Food did not have the characteristics as promised by Defendants.

## COUNT VI
### (Violation Of California's False Advertising Law, California Business & Professions Code §§ 17500, *et seq.*)

73.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

74.     Plaintiff Yothers brings this claim individually and on behalf of the members of the proposed Class and the California Subclass against Defendants.

75.     California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state, … in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

76.     Defendants committed acts of false advertising, as defined by §17500, by misrepresenting that the Mislabeled Food contains wasabi.

77.     Defendants knew or should have known, through the exercise of reasonable care that their representations about the Mislabeled Food were untrue and misleading.

78.     Defendants' actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

79.     Plaintiff Yothers and the California Subclass lost money or property as a result of Defendants' FAL violations because:  (a) they would not have purchased the Mislabeled Food on the same terms if the true facts were known about the product; (b) they paid a price premium for Mislabeled Food due to Defendants' promises that it contained wasabi; and (c) the Mislabeled Food did not have the characteristics as promised by Defendants.

## COUNT VII
### (Negligent Misrepresentation)

80.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

81.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Class and California and New York Subclasses against Defendants.

82.     As discussed above, Defendants misrepresented that the Mislabeled Food contained wasabi.

83.     At the time Defendants made these representations, Defendants knew or should have known that these representations were false or made them without knowledge of their truth or veracity.

84.     At an absolute minimum, Defendants negligently misrepresented and/or negligently omitted material facts about the Mislabeled Food.

85.     The negligent misrepresentations and omissions made by Defendants, upon which Plaintiffs and Class Members reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and Class Members to purchase the Mislabeled Food.

86.     Plaintiffs and Class Members would not have purchased the Mislabeled Food if the true facts had been known.

87.     The negligent actions of Defendants caused damage to Plaintiffs and Class Members, who are entitled to damages and other legal and equitable relief as a result.

### <u>COUNT VIII</u>
### (Violation of New York's General Business Law § 349)

88.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

89.     Plaintiff Eisenberg brings this claim individually and on behalf of the members of the proposed New York Subclass against Defendants.

90.     New York's General Business Law § 349 prohibits deceptive acts or practices in the conduct of any business, trade, or commerce.

91.     In their sale of goods throughout the State of New York, Defendants conduct business and trade within the meaning and intendment of New York's General Business Law § 349.

92.     Plaintiff Eisenberg and members of the New York Subclass are consumers who purchased products from Defendants for their personal use.

93.     By the acts and conduct alleged herein, Defendants have engaged in deceptive, unfair, and misleading acts and practices, which include, without limitation, misrepresenting that the Mislabeled Food contains wasabi as stated on its packaging.

94.     The foregoing deceptive acts and practices were directed at consumers.

95.     The foregoing deceptive acts and practices are misleading in a material way because they fundamentally misrepresent the characteristics of the Mislabeled Food to induce consumers to purchase same.

96.     By reason of this conduct, Defendants engaged in deceptive conduct in violation of New York's General Business Law.

97.     Defendants' action is the direct, foreseeable, and proximate cause of the damages that Plaintiff Eisenberg and members of the New York Subclass have sustained from having paid for and used Defendants' products.

98.     As a result of Defendants' violations, Plaintiff Eisenberg and members of the New York Subclass have suffered damages because: (a) they would not have purchased the Mislabeled Food on the same terms if they knew that the Wasabi Claims were not true; (b) they paid a price premium for the Mislabeled Food due to the Wasabi Claims; and (c) the Mislabeled Food does not have the characteristics, uses, benefits, or quantities as promised in that it does not contain wasabi.

99.     On behalf of himself and other members of the New York Subclass, Plaintiff Eisenberg seeks to recover his actual damages or fifty dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

### COUNT IX
**(Violation Of New York's General Business Law § 350)**

100.    Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

101.    Plaintiff Eisenberg brings this claim individually and on behalf of the members of the New York Subclass against Defendants.

102.    New York's General Business Law § 350 prohibits false advertising in the conduct of any business, trade, or commerce.

103.    Pursuant to said statute, false advertising is defined as "advertising, including labeling, of a commodity … if such advertising is misleading in a material respect."

104.    Based on the foregoing, Defendants have engaged in consumer-oriented conduct that is deceptive or misleading in a material way which constitutes false advertising in violation of Section 350 of New York's General Business Law.

105.    Defendants' false, misleading, and deceptive statements and representations of fact were and are directed to consumers.

106.    Defendants' false, misleading, and deceptive statements and representations of fact were and are likely to mislead a reasonable consumer acting reasonably under the circumstances.

107.    Defendants' false, misleading, and deceptive statements and representations of fact have resulted in consumer injury or harm to the public interest.

108.     As a result of Defendants' false, misleading, and deceptive statements and representation of fact, Plaintiff Eisenberg and the New York Subclass have suffered and continue to suffer economic injury.

109.     As a result of Defendants' violations, Plaintiff Eisenberg and members of the New York Subclass have suffered damages due to said violation because: (a) they would not have purchased the Mislabeled Food on the same terms if they knew that the Wasabi Claims were not true; (b) they paid a price premium for the Mislabeled Food due to the Wasabi Claims; and (c) the Mislabeled Food does not have the characteristics, uses, benefits, or quantities as promised in that the Mislabeled Food does not contain wasabi.

110.     On behalf of himself and other members of the New York Subclass, Plaintiff Eisenberg seeks to recover his actual damages or five hundred dollars, whichever is greater, three times actual damages, and reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, seek judgment against Defendants, as follows:

a.     For an order certifying the nationwide Class, the California Subclass, and the New York Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff Yothers as the representative of the Class and California Subclass, and Plaintiff Eisenberg as representative of the Class and the New York Subclass, and further appointing Plaintiffs' attorneys as Class Counsel to represent the Class, California Subclass, and New York Subclass Members;

b.     For an order declaring the Defendants' conduct violates the statutes referenced herein;

c.     For an order finding in favor of Plaintiffs, the Class, and the Subclasses on all counts asserted herein;

d.     For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

1

e.     For prejudgment interest on all amounts awarded;

2

f.     For an order of restitution and all other forms of equitable monetary relief;

3

g.     For an order awarding Plaintiffs and the Class and Subclasses their reasonable

4

attorneys' fees and expenses and costs of suit;

5

6

h.     For injunctive relief as pleaded or as the Court may deem proper;

7

i.     Damages, restitution, and/or disgorgement in an amount to be determined at

8

trial; and

9

j.     For such other and further relief as the Court may deem proper.

10

**<u>DEMAND FOR TRIAL BY JURY</u>**

11

Plaintiffs demand a trial by jury of all issues so triable.

12

13

Dated:  March 6, 2020                          Respectfully submitted,

14

**BURSOR & FISHER, P.A.**

15

By:    ___/s/ *Brittany S. Scott*___

16

Brittany S. Scott

17

L. Timothy Fisher (State Bar No. 191626)
Brittany S. Scott (State Bar No. 327132)

18

1990 North California Boulevard, Suite 940
Walnut Creek, CA  94596

19

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

20

E-Mail: ltfisher@bursor.com
               bscott@bursor.com

21

**BURSOR & FISHER, P.A.**

22

Scott A. Bursor (State Bar No. 276006)
2665 S. Bayshore Dr., Suite 220

23

Miami, FL 31333
Telephone: (305) 330-5512

24

Facsimile:  (305) 676-9006
E-Mail: scott@bursor.com

25

26

*Attorneys for Plaintiffs*

27

28

**CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)**

I, Brittany S. Scott, declare as follows:

1.     I am an attorney at law licensed to practice in the State of California and a member of the bar of this Court.  I am an associate at Bursor & Fisher, P.A., counsel of record for Plaintiff in this action.  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, I could and would competently testify thereto under oath.

2.     The Complaint filed in this action is filed in the proper place for trial under Civil Code Section 1780(d) in that a substantial portion of the events alleged in the Complaint occurred in the Northern District of California.

I declare under the penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this declaration was executed at Walnut Creek, California this 4th day of March, 2020.


　　　　　　　　　　　　　　　　　　*/s/ Brittany S. Scott*
　　　　　　　　　　　　　　　　　　Brittany S. Scott

**EXHIBIT A**

# BURSOR & FISHER
P.A.

**1990 N. CALIFORNIA BLVD.**
**SUITE 940**
**WALNUT CREEK, CA  94596**
**www.bursor.com**

**BRITTANY S. SCOTT**
Tel: **925.300.4455**
Fax: **925.407.2700**
**bscott@bursor.com**

January 22, 2020

***Via Certified Mail - Return Receipt Requested***

JFC International, Inc.
c/o Yoshiyuki Ishigaki
7101 E. Slauson Ave.
Los Angeles, CA 90040

Hapi Products, Inc.
c/o Naohiro Takahashi
7101 E. Slauson Ave.
Los Angeles, CA 90040

Re:     *Notice and Demand Letter Pursuant to U.C.C. §§ 2-313, 2-314, 2-607;*
        *the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, et seq.; New York General*
        *Business Law §§ 349-50; and California's Consumers Legal Remedies Act, Cal. Civil*
        *Code §§ 1750, et seq.; and all other applicable consumer protection statutes*

To Whom it May Concern:

This letter serves as a preliminary notice and demand for corrective action by JFC International, Inc. ("JFC") and Hapi Products, Inc. ("Hapi"), pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties on behalf of our clients, Zain Eisenberg and Hilary Yothers, and a class of all similarly situated purchasers of Hapi Wasabi Coated Peas (the "Mislabeled Food"). This letter also serves as notice of violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.; New York General Business Law §§ 349-50; and California's Consumers Legal Remedies Act, Cal. Civil Code §§ 1750, *et seq.*, including subsections 1770(a)(5), (7), and (9), and all other applicable federal and state laws. Should we not receive a response to our offer of resolution set forth below, this letter provides statutory notice of our intent to file a class action lawsuit.

Our clients purchased Hapi Wasabi Coated Peas, which JFC & Hapi repeatedly misrepresented and warranted contained wasabi. Our clients understood this to mean that their Mislabeled Food would contain wasabi. However, the Mislabeled Food does not contain wasabi and therefore, contrary to Hapi & JFC's express representations, are not "wasabi coated." Accordingly, Hapi and JFC violated the California CLRA, New York GBL, and breached express and implied warranties made to our clients and the Class. *See* U.C.C. §§ 2-313, 2-314, 2-607; 15 U.S.C. §§ 2301, *et seq*.; New York General Business Law §§ 349-50; and California Civil Code §§ 1750, *et seq.* Our clients and similarly situated consumers were injured and damaged by purchasing the Mislabeled Food.

**BURSOR & FISHER**
P.A.

On behalf of our clients and the Class, we hereby demand that Hapi & JFC immediately (1) issue a mandatory recall of the Mislabeled Food and (2) make full restitution to all purchasers of the Mislabeled Food of all purchase money obtained from sales thereof.

We also demand that Hapi & JFC preserve all documents and other evidence which refer or relate to any of the above-described practices during the applicable class periods, including electronically stored information and including, but not limited to, the following:

1. All documents concerning the formulation, ingredient sourcing, packaging, labeling, and manufacturing process for Hapi Wasabi Coated Peas;

2. All documents concerning the pricing, advertising, marketing, and/or sale of the Hapi Wasabi Coated Peas;

3. All communications with customers involving complaints or comments concerning the Hapi Wasabi Coated Peas;

4. All documents concerning communications with any retailer involved in the marketing or sale of the Hapi Wasabi Coated Peas;

5. All documents concerning communications with any suppliers involved in the manufacturing or sale of the Hapi Wasabi Coated Peas; and

6. All documents concerning the total revenue derived from sales of the Hapi Wasabi Coated Peas.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take this as an indication that you are not interested in discussing this offer of resolution.

Very truly yours,

Brittany S. Scott