UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILARY YOTHERS, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>JFC INTERNATIONAL, INC., et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-01657-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

## I. INTRODUCTION

Defendants JFC International, Inc. and Hapi Products, Inc. manufacture snack foods, including "wasabi peas." Their wasabi pea product, allegedly like 95–99% of "wasabi" products sold in North America, contains not *Wasabia japonica* but *Amoracia rusticana*, more commonly known as horseradish. Plaintiffs Hilary Yothers and Zain Eisenberg represent a putative class of individuals who purchased defendants' wasabi pea products and allegedly were misled by this substitution. They assert nine claims under various state statutes and common law. Defendants move to dismiss the complaint for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), and failure to state a claim, under Fed. R. Civ. P. 12(b)(6). Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for June 11, 2020 is vacated. For the reasons set forth below, the motion is granted.

## II. BACKGROUND

In late 2019, Yothers and Eisenberg purchased defendants' wasabi pea product from grocery stores in Berkeley, California and Kingston, New York, respectively. They reviewed the

product's packaging before purchasing it. They both "relied on [defendants'] representations and warranties" in deciding to purchase the product, "in that [they] would not have purchased the [product] if [they] had known that it did not, in fact, contain wasabi" and paid a "tangible increased cost" for the product because they believed it contained wasabi. *See* Complaint, ECF No. 1, at 2–3. Yothers and Eisenberg both "remain[] interested in purchasing wasabi peas and would consider Hapi Wasabi Peas in the future if defendants coated the peas in real wasabi." *Id.*

Wasabi "is the most expensive crop in the world to grow because it is very difficult to cultivate." *Id.* at 5. "Fresh wasabi can cost as much as $113 a pound." *Id.* Horseradish, on the other hand, has a similar taste but costs only about $6 a pound. *Id.* at 1. Therefore, "95–99% of the wasabi products sold in North America substitute horseradish and green dye for authentic wasabi." *Id.* at 6. Defendants' wasabi pea products make such a substitution. They are, on the front of the packaging, labelled as "wasabi coated green peas." *Id.* at 7. However, the ingredients list includes not wasabi but, predictably, horseradish and green food coloring. *Id.*

Plaintiffs seek to represent a nationwide class of individuals who purchased defendants' wasabi peas product. Yothers also seeks to represent a subclass of California purchasers, while Eisenberg seeks to represent a New York subclass. They allege they were injured by defendants' substitution of horseradish for wasabi and assert nine causes of action under various California and New York statutory and common laws. They seek both damages and injunctive relief.

### III.  LEGAL STANDARD

Rule 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. As standing pertains to the federal courts' subject matter jurisdiction over an Article III case or controversy, it is properly raised in a Rule 12(b)(1) motion to dismiss. *Chandler v. State Farm Mut. Auto. Ins. Co.*, 598 F.3d 1115, 1122 (9th Cir. 2010). Once a court's jurisdiction is challenged, the party asserting jurisdiction bears the burden of establishing it. *Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009).

Rule 12(b)(6) governs motions to dismiss for failure to state a claim. A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R.

1   Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient
2   factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556
3   U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A Rule
4   12(b)(6) motion tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of*
5   *Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Thus, dismissal under Rule 12(b)(6)
6   may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient
7   facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners*
8   *LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, courts generally
9   "accept all factual allegations in the complaint as true and construe the pleadings in the light most
10  favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).
11  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
12  statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## IV. DISCUSSION

### A. Evidence

Generally, courts may not consider material outside the pleadings when assessing the sufficiency of a complaint under Rule 12(b)(6). *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "There are two exceptions to this rule." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018). First, "[j]udicial notice under Rule 201 permits a court to notice an adjudicative fact if it is 'not subject to reasonable dispute.'" *Id.* at 999 (citing Fed. R. Evid. 201(b)). "A fact is 'not subject to reasonable dispute' if it is 'generally known,' or 'can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.'" *Id.* (citing Fed. R. Evid. 201(b)(1)–(2)). Second, a defendant may seek to incorporate a document into the complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim. *Id.* at 1102. Incorporation by reference prevents plaintiffs from selecting only portions of documents that support their claims. *Id.*

A motion made under Rule 12(b)(1), on the other hand, may be either facial or factual. *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). When a defendant makes a facial motion,

all material allegations in the complaint are credited, and the court must determine whether it lacks jurisdiction from the face of the complaint itself. *Id.* If the defendant makes a factual motion, the plaintiff must produce evidence demonstrating jurisdiction. *Safe Air for Everyone v. Meyer,* 373 F.3d 1035, 1039 (9th Cir. 2004). The complaint's allegations need not be presumed true, *White v. Lee,* 227 F.3d 1214, 1242 (9th Cir. 2000), but in the absence of an evidentiary hearing, disputed facts are resolved in the light most favorable to the plaintiff, *Dreier v. United States,* 106 F.3d 844, 847 (9th Cir. 1996).

In the present case, defendants have submitted two forms of extrinsic evidence. First, they offer a Declaration by the Vice President of JFC. Appended to the declaration are photographs of the front and back of both Hapi Wasabi Peas and a competitor's wasabi peas packaging. The photographs show both products are labelled as "wasabi coated green peas," but their ingredients lists contain horseradish and green food dye. Also appended to the declaration is a receipt from a Ralph's grocery store in Torrance, California, showing a 9.9 ounce tin of the competitor's product was purchased for $5.99 on April 17, 2020. The declaration states Hapi Wasabi Peas at the grocery store in Berkeley, California at which Yothers shopped were priced at $6.09 for a 9.9 ounce package as of April 10, 2020. Second, defendants include a Request for Judicial Notice ("RJN") of two exhibits. Both are results pages for searches performed, one for "hapi" on the Instacart website, the other for "Norita Hot Wasabi Peas" on the Kroger's grocery store website.

In offering the declaration, defendants have made a factual Rule 12(b)(1) motion. The complaint's allegations thus need not be presumed true, and the declaration and its attached exhibits may be considered for the purposes of deciding that motion. However, disputed facts will be resolved in the light most favorable to plaintiffs. Furthermore, the declaration and attached exhibits may *not* be considered for the purposes of the Rule 12(b)(6) motion, with one exception: the image showing the back of the Hapi Wasabi Peas packaging, including the ingredients list, may be incorporated by reference. The complaint contains an image of the front of that very packaging, and the ingredients in the product form the basis for the plaintiffs' complaint. Thus, the complaint both refers extensively to and is based on the Hapi Wasabi Peas ingredients list.

The RJN, on the other hand, is improper. Both attached exhibits are printouts of searches performed on third-party websites. Private websites, unlike government websites, are not "sources whose accuracy cannot be questioned." Fed. R. Evid. 201. "There are at least a trillion web pages on the Internet, and many of the documents within those pages are unsupported, poorly supported, or even false. Of course, that does not make all of those documents inadmissible for all purposes. But they are not inherently reliable…." *Rollins v. Dignity Health*, 338 F. Supp. 3d 1025, 1032–33 (N.D. Cal. 2018). The RJN does not state who performed the searches, when they were performed, or whether online grocery prices are equal to in-store prices. Therefore, the printouts do not offer facts—i.e. the price of Hapi and Norita wasabi peas—not subject to reasonable dispute. The RJN is therefore denied.

### B. Statutory Standing

Defendants' first argument in favor of dismissal is that plaintiffs lack standing to pursue their statutory claims. The doctrine of standing is "an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). To establish constitutional standing, the plaintiff bears the burden of showing their injury-in-fact is "concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling." *Monsanto Co. v. Geertson Seed Farms*, 561 U.S. 139, 149 (2010). The Consumer Legal Remedies Act ("CLRA"), Unfair Competition Law ("UCL"), False Advertising Law ("FAL"), and General Business Law ("GBL") (collectively, "consumer protection statutes") also each require the plaintiff to establish statutory standing. To establish standing under the CLRA, FAL, or UCL, a plaintiff must show (1) a misrepresentation by the defendant, (2) their reliance on that misrepresentation, and (3) resulting economic injury. *See Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1367 (2010) (CLRA); Cal. Bus. & Prof. Code § 17535 (FAL); *In re Tobacco II Cases*, 46 Cal. 4th 298, 326 (2009) (UCL); *In re Actimmune Mktg. Litig.*, No. 08-cv-02376, 2010 WL 3463491, at *8 (N.D. Cal. Sept. 1, 2010), *aff'd*, 464 Fed. Appx. 651 (9th Cir. 2011) (applying reliance requirement to all three UCL prongs). Similarly, to establish standing under sections 349 and 350 of the GBL, a plaintiff must

show a material misrepresentation by the defendant and a resulting injury. *Maurizio v. Goldsmith*, 230 F.3d 518, 521–22 (2d Cir. 2000).

In the present case, defendants have presented a factual Rule 12(b)(1) motion by attaching a declaration and exhibits. A factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air for Everyone*, 373 F.3d at 1039. Plaintiffs have failed to produce conflicting evidence in response and instead rest on the allegations in their complaint. To the extent that defendants' evidence challenges the jurisdictional facts asserted by plaintiffs, defendants' evidence must therefore be credited. Only allegations made by plaintiffs *undisputed* by defendants' proffered facts can be credited in the analysis below.

In light of defendants' evidence, plaintiffs have failed to establish the requisite standing under the consumer protection statutes. In particular, defendants have presented evidence that their product, like a competitor's, is labelled as "wasabi coated," though both products' ingredients lists disclose they instead contain horseradish. The products are priced similarly. Plaintiffs allege they "paid a premium" for defendant's product, which they would not have purchased "on the same terms" had they known it did not contain wasabi. Complaint at 10. It is unclear how plaintiffs "paid a premium" when the product they bought was not priced differently from other similar products. Importantly, plaintiffs have not alleged why they selected defendants' product, as compared to other products which are labelled and priced almost identically; that is, plaintiffs have not alleged what particular "misrepresentation" they relied upon in choosing defendants' product. In fact, plaintiffs allege 95–99% of North American "wasabi" products do not contain wasabi, but they do not specify whether they knew that fact at the time of purchase. Unless that fact has recently become known to them, "wasabi coated" must have implied "horseradish coated" to plaintiffs at the time of purchase, and it is unclear what "misrepresentation" the relied upon.

Furthermore, plaintiffs allege they "reviewed [defendants'] labelling, packaging, and marketing materials" before purchasing their product. Complaint at 2–3. Defendants' packaging, however, clearly discloses their product contains not wasabi but horseradish. It is thus unclear how plaintiffs could have "relied upon" defendants' "misrepresentations" in making their selection.

Plaintiffs' citation to *Williams v. Gerber Product Co.*, 552 F.3d 934 (9th Cir. 2008), is misguided. The Court in *Williams* "disagree[d] with the district court that reasonable consumers should be expected to look beyond misleading representations on the front of the box to discover the truth from the ingredient list in small print on the side of the box." *Id.* at 939. However, that statement was made in the context of a Rule 12(b)(6) motion to dismiss in light of the "reasonable consumer" standard, not a jurisdictional motion. The analysis in the present case involves not what a "reasonable consumer" would do, but what Yothers and Eisenberg actually *did* do.

Finally, plaintiffs allege they would not have purchased defendants' product "on the same terms" had they known about the substitution, but they do not allege whether they would have purchased a competitor's product which also contained horseradish, sought out a (presumably, much more expensive) product containing wasabi, or purchased nothing at all had they known about the alleged misrepresentation. Whether plaintiffs would have spent the same amount of, more, or less money had they known about the substitution determines whether they suffered an economic injury. Plaintiffs' citation to *Degelmann v. Advanced Med. Optics, Inc.*, 659 F.3d 835 (9th Cir. 2011) is similarly misguided. The *Degelmann* Court found "the district court's reasoning—that class members would have bought other contact lens solution, and therefore suffered no economic harm—conceived of injury in fact too narrowly." *Id.* at 840. In that case, the plaintiffs alleged that the product was marketed as an "effective" contact lens solution, but was actually completely ineffective in that it caused a serious eye infection. *Id.* at 838. Those plaintiffs therefore suffered an economic injury by purchasing the defendant's product, regardless of whether they would have purchased an alternative product instead, because the product was entirely unusable and in fact caused physical injury. In this case, in contrast, plaintiffs do not allege defendants' product is inedible. What they would have done had they known about defendants' alleged misrepresentation—especially purchased another product which cost approximately the same—is therefore material to the economic injury analysis.

Plaintiffs have accordingly failed to establish statutory standing under the consumer protection statutes. The five statutory claims must be dismissed under Rule 12(b)(1). However,

plaintiffs will be given leave to amend to the extent they can allege facts demonstrating statutory standing, and, if defendants mount another factual challenge, provide evidence in support.[1]

**C. Injunctive Relief**

Defendants also argue plaintiffs lack standing to pursue injunctive relief. A plaintiff must have standing for each remedy sought. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). In order to establish standing to seek an injunction against future false advertising, a consumer must allege plausibly they face an "actual and imminent, not conjectural or hypothetical" threat of future harm. *See Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 967 (9th Cir. 2018) (internal citation omitted). That future harm may be that the consumer "will not purchase the product although she would like to," since "she will be unable to rely on the product's advertising or labeling," or "that she might purchase the product in the future, despite the fact it was once marred by false advertising or labeling, as she may reasonably, but incorrectly, assume the product was improved." *Id.*

Here, plaintiffs allege they "remain[] interested in purchasing wasabi peas and would consider Hapi Wasabi Peas in the future if defendants coated the peas in real wasabi." Complaint at 2–3. Whether this allegation is sufficiently concrete to produce an actual or imminent injury is disputed; plaintiffs do not allege that they *would* purchase defendants' product if it contained real wasabi. *Cf. id.* at 970 ("Davidson alleged that she…'would purchase truly flushable wipes manufactured by [Kimberly–Clark] if it were possible'…."). Regardless, fatal to plaintiffs' claim

---

[1] Defendants' arguments that the statutory consumer protection claims should be dismissed because the "reasonable consumer" standard, or the Rule 9 pleading standards, have not been met need not be reached in light of this dismissal on jurisdictional grounds. It is nevertheless noted that the Ninth Circuit has recently clarified that it is the "rare situation in which granting a motion to dismiss [because the reasonable consumer standard has not been met] is appropriate." *Williams*, 552 F.3d at 939. *See also Kutza v. Williams-Sonoma, Inc.*, No. 18-cv-03534, 2018 WL 5886611, at *4 (N.D. Cal. Nov. 9, 2018) ("Williams-Sonoma will have strong arguments that it can present to the fact-finder, or perhaps on summary judgment, that its marketing of these products was neither false nor misleading. Williams-Sonoma asks too much, however, when it seeks a determination as a matter of law on the pleadings (even including photographs of the labels) that no reasonable consumer would be misled by the cumulative effects of the labeling and marketing alleged in the complaint.").

of future injury is that they are not "unable to rely on the product's advertising or labeling in the future." *Id.* Plaintiffs now know, even if they did not when they purchased defendants' product, that 95–99% of wasabi products sold in North America do not actually contain wasabi. They now can rely on labelling, in particular ingredient lists, to know whether the products they are purchasing fall into that vast majority. Unlike in *Davidson*, where the plaintiffs would have to purchase the defendant's wipes, take them home, and test their plumbing to know if the product was improved, plaintiffs here can simply read the packaging, before purchasing, and make an informed decision. Plaintiffs are therefore unlikely to suffer any economic injury at defendants' hands going forward, and their claim for injunctive relief must be dismissed under Rule 12(b)(1).

### D. Breach of Express Warranty

Defendants argue the breach of express warranty claim should be dismissed under Rule 12(b)(6) because it fails to state a claim. As plaintiffs do not state under which state's law this claim is brought, that reason alone warrants dismissal. *See Romero v. Flowers Bakeries, LLC*, No. 14-cv-05189, 2016 WL 469370, at *12 (N.D. Cal. Feb. 8, 2016) ("[D]ue to variances among state laws, failure to allege which state law governs a common law claim is grounds for dismissal.").

Even assuming the claim is brought under California law, it still would not survive. "To prevail on a [California] breach of express warranty claim, a plaintiff must prove that the seller '(1) made an affirmation of fact or promise or provided a description of its goods; (2) the promise or description formed part of the basis of the bargain; (3) the express warranty was breached; and (4) the breach caused injury to the plaintiff.'" *Asghari v. Volkswagen Grp. of Am., Inc.*, 42 F. Supp. 3d 1306, 1333 (C.D. Cal. 2013) (internal citation omitted). Here, plaintiffs have not plausibly alleged injury. Plaintiffs themselves allege that 95–99% of "wasabi" products on the North American market do not contain wasabi. However, plaintiffs do not specify whether they knew this at the time they made their purchases. If they did, then they presumably knew that most "wasabi coated" products instead contain horseradish, and it is not plausible that they were injured by purchasing a product which met that expectation. Furthermore, as discussed above, plaintiffs have not properly alleged an economic injury. Therefore, this claim must also be dismissed.

However, plaintiffs will be given leave to amend to the extent they can plausibly allege an injury.

### E. Breach of Implied Warranty

Defendants also argue the breach of implied warranty claim must be dismissed under Rule 12(b)(6). The implied warranty of merchantability requires, in relevant part, goods to "conform to the promises or affirmations of fact made on the container or label." Cal. Comm. Code § 2314(2)(f). Plaintiffs contend defendants' labels affirm their products are "wasabi coated" when they, in fact, are not. This claim fails for the same reason as above: if plaintiffs knew at the time of purchase what they state in their complaint—that, 95–99% of the time, "wasabi coated" actually means "horseradish coated"—then defendants' product *did* conform to the affirmations made on its label. Furthermore, plaintiffs again do not specify under which state's law this claim is brought. This claim will also thus be dismissed, with leave to amend.

### F. Unjust Enrichment

Defendants' final argument in favor of dismissal is that unjust enrichment is a remedy, not an independent claim. However, the California Supreme Court has recently clarified that standalone unjust enrichment claims are permitted under California law. *Hartford Cas. Ins. Co. v. J.R. Mktg., L.L.C.*, 61 Cal. 4th 988 (Cal. 2015); *see also Bruton v. Gerber Prod. Co.*, 703 F. App'x 468, 470 (9th Cir. 2017) (reversing dismissal of unjust enrichment claim in light of the California Supreme Court's clarification in *Hartford*).

Nevertheless, the unjust enrichment claim still must be dismissed for two reasons. First, plaintiffs have again failed to specify under which state's law this claim arises. *See In re TFT-LCD (Flat Panel) Antitrust Litig.*, 781 F. Supp. 2d 955, 966 (N.D. Cal. 2011) (collecting examples where Courts in this District dismissed unjust enrichment claims for failure to specify under which state's law they arose). Second, to the extent plaintiffs are attempting a claim under California law, in order to plead a standalone cause of action for unjust enrichment, plaintiffs are required to plead that defendants "ha[ve] been unjustly conferred a benefit through mistake, fraud, coercion, or request." *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (internal quotations and citation omitted). As described above, plaintiffs have failed to plead with the

requisite particularity their predicate claims sounding in fraud. The unjust enrichment claim must therefore be dismissed. Plaintiffs will be given leave to amend to the extent they specify under which state's law their cause of action arises and sufficiently plead their predicate fraud claims.

## V.  CONCLUSION

For the reasons set forth above, the motion is granted, and the complaint must be dismissed in its entirety. However, plaintiffs will be given leave to amend to the extent they can cure the defects identified above. Any amended complaint must be filed within 21 days.

**IT IS SO ORDERED**.

Dated: May 14, 2020

RICHARD SEEBORG
United States District Judge